NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5052-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

CHARLES GOULD, a/k/a MISTER
A. YOUNG,

 Defendant-Appellant.
__________________________________

 Submitted September 11, 2017 – Decided September 15, 2017

 Before Judges Sabatino and Ostrer.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Indictment No.
 10-09-2503.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Peter B. Meadow, Designated
 Counsel, on the brief).

 Mary Eva Colalillo, Camden County Prosecutor,
 attorney for respondent (Patrick D. Isbill,
 Assistant Prosecutor, of counsel and on the
 brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM
 Defendant Charles Gould appeals the trial court’s denial of

his petition for post-conviction relief ("PCR") without an

evidentiary hearing. We affirm, except to remand for a slight

correction to the period of parole ineligibility expressed

imprecisely within defendant's judgment of conviction.

 As detailed in this court's prior opinion on direct appeal,

this prosecution of defendant arose out of the shooting of a drug

dealer, Brandon Adams, in an alleyway in the City of Camden on the

afternoon of March 30, 2010. See State v. Gould, No. A-2756-11

(App. Div. Sept. 23, 2013).

 According to the State's proofs, shortly after Adams sold

drugs to others on the street for cash, defendant accosted him at

gunpoint and demanded the money in his possession. Adams gave

defendant the cash. Still brandishing the gun, defendant commanded

Adams to take him to his remaining stash of drugs. Adams brought

defendant to the alleyway, but they found no drugs stashed there.

At that point, defendant fired his gun multiple times at Adams,

wounding him severely. Adams survived, but he did not identify

his shooter to the police.

 The shooting events were observed by three eyewitnesses. Each

of them identified defendant, who was known by the nickname

"Mister," to the police as the man who had attacked and shot Adams.

However, at the May 2011 jury trial, the eyewitnesses recanted,

 2 A-5052-14T1
causing the State to move their prior inconsistent statements

identifying defendant into evidence pursuant to N.J.R.E.

803(a)(1)(A). In his own case, defendant presented testimony from

Adams, who denied that defendant, a/k/a "Mister," was his attacker.

The State called in rebuttal Adams' mother, who recounted that

Adams had, in fact, told her after the attack that defendant was

the person who had shot him.

 The jury found defendant guilty of attempted murder, N.J.S.A.

2C:5-1 and 2C:11-3; robbery, N.J.S.A. 2C:15-1(a)(1); aggravated

assault, N.J.S.A. 2C:12-1(b)(1), (2), (4), and (7); and various

weapons offenses. The judge who presided over the trial, sentenced

defendant to an aggregate twenty-five-year term of incarceration,

subject to what was termed a "nineteen-and-a-half-year" period of

parole ineligibility, pursuant to the No Early Release Act

("NERA"), N.J.S.A. 2C:43-7.2.

 On direct appeal, defendant raised the following issues

through his appellate counsel and in a pro se supplemental brief:

 POINT I

 THE PROSECUTOR'S MISUSE OF TESTIMONIAL
 HEARSAY, FROM NON-TESTIFYING ALLEGED
 WITNESSES WHO IMPLICATED DEFENDANT DURING THE
 POLICE INVESTIGATION, VIOLATED DEFENDANT'S
 RIGHT TO CONFRONT WITNESSES AND TO DUE PROCESS
 OF LAW AND A FAIR TRIAL. U.S. CONST. AMEND.
 XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9,
 10.

 3 A-5052-14T1
 POINT II

 DEFENDANT'S SENTENCE IS MANIFESTLY EXCESSIVE.

 PRO SE SUPPLEMENTAL POINT I

 THE COURT FAILED TO CONDUCT A WADE1 HEARING
 AND TO ACKNOWLEDGE THE VARIOUS DIFFERENT
 DESCRIPTIONS OF THE PERPETRATOR GIVEN BY
 SEVERAL DIFFERENT WITNESSES AT TRIAL THUS
 VIOLATING DEFENDANT[']S DUE PROCESS RIGHTS.

 We affirmed defendant's convictions and sentence in our

unpublished opinion on direct appeal. See State v. Gould, supra,

slip op. at 18. The Supreme Court denied defendant's ensuing

petition for certification. See State v. Gould, 217 N.J. 304

(2014).

 Thereafter, defendant filed the present PCR petition in June

2014. Defendant argued that his trial counsel was ineffective

because she failed to: (1) move for the trial judge to recuse

himself because of his alleged bias, (2) request Wade hearings on

identification, (3) challenge the trial court's rulings of

admissibility following the Gross2 hearings, (4) raise issues of

prosecutorial misconduct, and (5) investigate, prepare, and

present the case properly.

1
 United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed.
2d 1149 (1967).
2
 State v. Gross, 216 N.J. Super. 98 (App. Div. 1987), aff'd, 121
N.J. 1 (1990).

 4 A-5052-14T1
 Defendant further argued that his counsel on direct appeal

was ineffective, because he allegedly failed to recognize and

appeal significant errors that had occurred at the trial level.

 Defendant also asserted that the trial court erred by giving

flawed instructions to the jury, and that prosecutorial misconduct

deprived him of his right to due process.

 Oral argument on defendant's PCR petition was heard on May

22, 2015 before Judge Kathleen M. Delaney. After considering that

advocacy and the parties' written submissions, the judge concluded

that defendant's claims for relief were both procedurally and

substantively deficient.

 In her oral opinion, Judge Delaney initially noted that

defendant's PCR arguments could have been raised on direct appeal,

and thus were procedurally barred under Rule 3:22-4. According

to the judge, "[t]here [were] no facts outside the record that the

Appellate Division would have needed [in order] to address the

defendant's concerns."

 Turning to the merits, Judge Delaney likewise found

defendant's petition unavailing. She concluded that the trial

court did not err in admitting the eyewitnesses' prior inconsistent

statements as substantive proof of guilt, as defendant had

presented "no legal basis to challenge the [trial court’s] rulings

at the Gross [h]earings." Judge Delaney also discerned no evidence

 5 A-5052-14T1
of prosecutorial misconduct from the record of the trial. Hence,

the judge found no basis to set aside the conviction on these

asserted grounds.

 As to defendant's claims of ineffective assistance of

counsel, Judge Delaney was likewise satisfied that they lacked

merit and no evidentiary hearing was needed to address them. She

noted that "[a] defendant is not entitled to an [e]videntiary

hearing if the allegations in the certification are too vague,

conclusory, or speculative. Defendant does not set forth any

facts to support his claims, and, therefore, defendant's

submission is insufficient to establish a claim of ineffective

assistance of counsel."

 Rejecting defendant's argument that his trial counsel should

have moved for the trial judge to recuse himself, Judge Delaney

observed there was "nothing in the record which indicate[d] the

trial [c]ourt was anything but fair and impartial. The defendant

cannot point to a single decision by the [c]ourt that was not

supported by applicable legal standards."

 Judge Delaney further concluded that the out-of-court

identifications admitted at trial were "not impermissibly

suggestive," and defendant's trial counsel therefore did not err

in failing to challenge their admission. The judge noted in this

regard that this court had expressly addressed and rejected that

 6 A-5052-14T1
very argument in our decision on defendant's direct appeal, in

which we specifically found that the identifications were not

"impermissibly suggestive."

 As to the failure to appeal the trial court's rulings from

the Gross hearing, Judge Delaney determined that "defendant ha[d]

not presented any evidence that the [trial] [c]ourt's findings

were misguided or unlawful, and an appeal of the Gross [rulings]

would not have been meritorious."

 Lastly, Judge Delaney rejected defendant's assorted

challenges to various other tactical decisions his former counsel

made at trial. She recognized in this regard that "a Court must

indulge a strong presumption that [trial] counsel's conduct falls

within the wide range of reasonable professional assistance[.]"

Applying that presumption, Judge Delaney detected no "acts or

omissions by counsel that were not the result of reasonable,

professional judgment."

 In now appealing the denial of his PCR petition, defendant

raises the following issues:

 POINT I

 THE POST-CONVICTION RELIEF COURT ERRED IN
 DENYING DEFENDANT'S PETITION WITHOUT THE
 BENEFIT OF AN EVIDENTIARY HEARING

 A. DEFENDANT ESTABLISHED A PRIMA FACIE CASE
 OF INEFFECTIVE ASSISTANCE OF COUNSEL.

 7 A-5052-14T1
 B. DEFENDANT ESTABLISHED A PRIMA FACIE CASE
 OF INEFFECTIVE ASSISTANCE OF APPELLATE
 COUNSEL.

 POINT II

 DEFENDANT'S MANDATORY MINIMUM SENTENCE IS
 MISCALCULATED AND THEREFOR[E] ILLEGAL AND MUST
 BE CORRECTED.

Defendant also makes the following points in a supplemental brief:

 SUPPLEMENTAL POINT ONE

 THE POST CONVICTION RELIEF COURT ERRED IN
 DENYING DEFENDANT'S PETITION IN LIGHT OF THE
 FUNDAMENTAL INJUSTICE AND CONSTITUTIONAL
 VIOLATIONS PRESENTED THEREIN.

 THE COURT ERRED BY GIVING THE JURY
 FATALLY FLAWED JURY INSTRUCTIONS
 DURING THE JURY CHARGE.

 THE COURT ERRED IN FAILING TO GIVE
 CURATIVE INSTRUCTIONS REGARDING A
 DETECTIVE OFFERING A GRATUITOUS
 CERTAINTY OF DEFENDANT'S GUILT.

 SUPPLEMENTAL POINT TWO

 THE POST CONVICTION RELIEF COURT ERRED IN
 DENYING DEFENDANT'S PETITION WITHOUT THE
 BENEFIT OF AN EVIDENTIARY HEARING, HAVING
 MISCONSTRUED OR IGNORED VITAL FACTS.

 THE COURT FAILED TO CONSIDER
 COUNSEL'S FAILURE TO REQUEST A WADE
 HEARING WHEN CONSIDERING COUNSEL'S
 EFFECTIVENESS.

 THE COURT IGNORED EVIDENCE IN THE
 DEFENDANT'S POSSESSION THAT WOULD
 HAVE ENLIGHTENED THE COURT TO AN
 ERROR.

 8 A-5052-14T1
 Having fully considered these arguments, we affirm the

dismissal of defendant's PCR petition, substantially for the sound

reasons articulated in Judge Delaney's May 22, 2015 oral opinion.

We add only a few comments, along with a caveat respecting the

precise calculation of defendant's period of parole ineligibility.

 First, we generally endorse the trial court's observation

that defendant's claims are procedurally barred, except with

respect to his discrete claims relating to the alleged deficiencies

of his appellate counsel and the legality of his sentence.

Defendant's present arguments about the evidence admitted against

him and his other claims of trial error could have and should have

been raised in his direct appeal. R. 3:22-4. We disfavor the use

of PCR proceedings as a substitute for direct appeal. State v.

Murray, 315 N.J. Super. 535, 540 (App. Div. 1998).

 Moreover, as we have already noted, defendant's specific

argument that the eyewitness identifications were tainted by

unduly suggestive means was rejected on direct appeal. That failed

argument cannot be renewed now through a PCR petition. R. 3:22-

4.

 Nor do we detect any merit in the substance of defendant's

arguments. His claims of prosecutorial misconduct and unfairness

are not objectively borne out by the record. As the PCR judge

concluded, defendant received a fair trial. The isolated matters

 9 A-5052-14T1
he complains of, including a trooper's brief testimony about his

observations of one eyewitness's physical demeanor when shown a

photo array, do not negate that overall conclusion. There was no

imperative for curative or additional jury instructions under the

circumstances presented. Nor did the prosecutor's questions in

examining witnesses or his remarks in summation exceed the fair

realm of zealous advocacy.

 We agree with the trial court that defendant's claims of

ineffective assistance of counsel failed to establish a prima

facie case to warrant an evidentiary hearing. We recognize that

under the Sixth Amendment of the United States Constitution, a

person accused of crimes is guaranteed the effective assistance

of legal counsel in his defense. Strickland v. Washington, 466

U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984).

To establish a deprivation of that right, a convicted defendant

must satisfy the two-part test enunciated in Strickland by

demonstrating that: (1) counsel's performance was deficient, and

(2) the deficient performance actually prejudiced the accused's

defense. Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; see

also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the

Strickland two-part test in New Jersey).

 In reviewing such ineffectiveness claims, courts apply a

strong presumption that defense counsel "rendered adequate

 10 A-5052-14T1
assistance and made all significant decisions in the exercise of

reasonable professional judgment." Strickland, supra, 466 U.S.

at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695. "[C]omplaints

'merely of matters of trial strategy' will not serve to ground a

constitutional claim of inadequacy[.]" Fritz, supra, 105 N.J. at

42, 54 (1987) (quoting State v. Williams, 39 N.J. 471, 489 (1963),

cert. denied, 374 U.S. 855, 83 S. Ct. 1924, 10 L. Ed. 2d 1075

(1963), overruled on other grounds by, State v. Czachor, 82 N.J.

392 (1980)).

 Moreover, an evidentiary hearing is not necessary unless

defendant establishes a prima facie claim of ineffectiveness.

State v. Preciose, 129 N.J. 451, 462-63 (1992). "[B]ald

assertions" of deficient performance are insufficient to support

a PCR application. State v. Cummings, 321 N.J. Super. 154, 170

(App. Div.) (noting that PCR relief requires more than "bald

assertions" by a defendant), certif. denied, 162 N.J. 199 (1999);

see also R. 3:22-10(b); see also State v. Porter, 216 N.J. 343,

354-55 (2013) (reaffirming these principles).

 Without exhaustively addressing defendant's ineffectiveness

claims individually here, we are satisfied that none of them rise

to a level calling for an evidentiary hearing. For example, trial

counsel's decision to call Adams, who denied that defendant was

his attacker, was a reasonable tactical decision within counsel's

 11 A-5052-14T1
zone of discretion, despite the rebuttal testimony presented

thereafter from Adams' mother. State v. Arthur, 184 N.J. 307,

320-21 (2005) (noting a court's review of a defense attorney's

decision whether to call a witness should be "highly deferential").

As Judge Delaney aptly noted, "[n]o one had a clear[er] view of

the shooter than the person who was shot[, a]nd while risky,

presenting him [Adams] as a witness was a reasonable decision for

the defense."

 We also reject defendant's claim that his conviction should

be set aside because his trial counsel allegedly told him that the

judge had made a negative remark about him off the record before

trial. Even if this hearsay assertion about the judge's utterance

of the negative remark were substantiated, that does not

necessarily mean that a recusal motion would have been successful.

State v. J.J., 397 N.J. Super. 91, 103 (App. Div. 2007) ("although

the trial judge's comments were sometimes stern, they do not reveal

bias or prejudice"), appeal dismissed, 196 N.J. 459 (2008).

Moreover, trial counsel reasonably might have predicted that a

failed recusal motion could have detracted from the force of his

substantive arguments on other issues before the trial court.

Defendant's speculative claims of ineffectiveness are simply

unavailing, as he has not demonstrated a sufficient basis to reject

the PCR judge's assessment that he received an overall fair trial.

 12 A-5052-14T1
Regardless of whether counsel was ineffective, defendant has

failed to establish the actual prejudice required under the second

prong of Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064,

80 L. Ed. 2d at 693.

 The remainder of defendant's claims of ineffectiveness are

similarly unavailing, both with respect to his trial counsel's

performance, and the advocacy of the attorney who represented him

on direct appeal. We need not comment about them further. R.

2:11-3(e)(2).

 Lastly, there is one minor need for correction of the sentence

within the judgment of conviction. The parole ineligibility period

mandated by NERA on the first-degree attempted murder conviction

requires defendant to serve a minimum of eighty-five percent of

his seventeen-year custodial sentence on that offense, which is

properly calculated as fourteen years, five months, and eleven

days. See N.J.S.A. 2C:43-7.2. In addition, the law requires

defendant to serve a minimum of five years without parole on his

separate "certain persons" weapons conviction. See N.J.S.A.

2C:39-7(b). The combined effect of these convictions is that

defendant's aggregate period of parole ineligibility is nineteen

years, five months, and eleven days. However, the judgment of

conviction imprecisely states that the aggregate parole

ineligibility term is "19 1/2 years," which overstates the period

 13 A-5052-14T1
by about eighteen days. The State does not dispute the correct

calculation. Accordingly, we remand for the entry of a corrected

judgment of conviction to reflect the proper figure.

 The denial of the PCR petition is affirmed in all respects,

with the proviso that the trial court enter a corrected judgment

of conviction within forty-five days to reflect the accurate parole

ineligibility period. We do not retain jurisdiction.

 14 A-5052-14T1